BENNETT, superintendent of banks, *v.* SCHWARZ *et al.*

This case came before this court upon a writ of error from the superior court of Fulton County; and, after argument had, the same being for decision by a full bench of six Justices, who are evenly divided in opinion, Russell, C. J., and Hill and Gilbert, JJ., being in favor of affirmance, and Beck, P. J., and Atkinson and Hines, JJ., being in favor of a reversal, the judgment of the court below stands affirmed by operation of law.

No. 3873.    FEBRUARY 14, 1924.

Equitable petition. Before Judge Bell. Fulton superior court. June 18, 1923.

*George M. Napier, attorney-general, Seabrook & Kennedy, and Seward M. Smith, asst. atty.-gen.,* for plaintiff in error.

*George W. Owens* and *H. Wiley Johnson,* contra.

---

PADGETT *et al. v.* NORRELL, trustee, *et al.*

ATKINSON, J. In 1914 a vendor executed a bond for title for described realty. From that time forward the vendee with his wife and minor children continuously resided on and cultivated the land. On October 4, 1919, the vendee surrendered his bond for title and received a warranty deed to the land from the vendor, which recited the consideration of $1000. The deed was held by the grantee unrecorded until May 7, 1921, at which time he delivered it back to the vendor with request that a deed to the same land be executed to his wife. The vendor executed a second deed as requested, reciting the same consideration and dating it back to the date of the first deed without mentioning it. The second deed was recorded on the day it was executed. On October 6, 1921, the vendee was adjudicated a bankrupt upon his voluntary petition in bankruptcy, but the above-mentioned land was not mentioned in the petition. The only property "scheduled" in the petition for bankruptcy was a different tract of land valued at $300, held under bond for title with no part of the purchase-price paid. The liabilities were "Secured claims, $300.00; unsecured claims, $2-242.10; accommodation paper, $402.00; total, $2944.10." The unsecured claims were debts created during the years 1920 and 1921. Most of the unsecured claims were reduced to judgment after the adjudication in bankruptcy. On December 1, 1921, the trustee in bankruptcy instituted an action against the vendee and his wife and the vendor and others, to recover the land for administration as the estate of the bankrupt, and to cancel the second deed as a cloud upon title, and for other relief. The answer of the wife alleged that soon after the vendee received the bond for title he agreed with her that the land should be her property and the deed should be made to her, "if she would do her house work and help in the field . . and . . look after the children and take those that were large enough . . to help raise